This cause came before the court on a case stated; and the only question was, whether the governor of the commonwealth, or the corporation of the city of Philadelphia, have the power of appointment of the clerk of the city court?
*180 It had been argued last term by Mr. Ingersoll, attorney general for the plaintiff, and .by Mr. 'Tilghman, for the defendant.
On the part of the city two points had been .made — xst, The corporation acquire their right of appointment as incidental to their corporate capacity. 2d, It is given to them by express words.
On the first head it was said, that it is incident to the power of a court appointed by the crown, to appoint a bailiff or serieant to execute process. 1 Bac. Abr. k6z. Cites Rol. Abr. 526. F. pi. 1.
The clerk of a court is within the same reason. All corporations in England appoint their clerks. An incidental officer may be appointed by the principal. 3 Bac. Abr. 721. Justices of courts have always appointed their clerks for two reasons: 1st, Because they are best able to make the appointments. 2d, The clerk enters the court’s judgments and keeps their records. The king cannot grant the office of the county clerk, for it belongs to the sheriff. 2 Inst. 425. 3 Bac. Abr. 721. It is obvious that corporations are more immediately responsible for the conduct of their officers. Sheriff must appoint the clerk of his county court. 4 Co. 32. Mitton’s case. The office of Exigenter was granted by queen Mary, and also by sir Nicholas Bacon, chief justice ¿>f C. B., who claimed it by prescription. The office of the queen’s patentee was held void. Dy. 175. Anders. 152. Cavendish’s case. Sir Rowland Holt was appointed by his brother sir John Holt (ch. just.) as chief clerk for enrolling pleas in B. R. A contest arose hereupon between him and the duke of Grafton the patentee of the crown. No judgment appears to have been given. Show. Pari. Cas. 11. But the uniform usage since has been, that the chief justice of B. R. hath appointed to this office.
(Note. — The case of sir Rowland Holt was settled by the king’s interposition, and lord chief justice Holt made a handsome allowance out of the profits of the office to the young duke of Grafton. See lord Holt’s Rife, 6.)
* On the second head it was contended, that by the ^ 39th .section of the act incorporating the city, p. 36, it *- is directed, ‘ ‘ that for the well governing of the said city, and “the ordering the affairs thereof, there shall be such other “officers therein, and at such salaries as the mayor, recorder, “aldermen, and common council men, in common council “assembled, shall direct,” which words would reach the present case; and by the 44th section it is declared, that “the 1 ‘ constructions on the act shall be favourable to the powers of “ the city.” The right of making bye-laws is incidental to a corporation, though the power is not expressly given; but when the charter gives the company a power to make bye *181 laws, they can only make them in such cases as they are enabled to do by the charter. 2 P. Wins. 209. A charter not prescribing the mode of election of a mayor, the corporation may make a bye-law for that purpose. 3 Term Rep. 198. Power of amotion is incidental to a corporation. Doug. 152, *53-
Under the old proprietary charter to the city, the mayor, recorder, aldermen, common council men, and town clerk, were in the first instance appointed by the instrument, but the corporation have, since their first organization, invariably appointed their clerk.
To this it was answered by the attorney general, in behalf of the commonwealth, that the legal exercise of the present power on the part of the city, must depend on the act of incorporation. The cases in England are not applicable. Here an act of the legislature ascertains the powers of the corporation: they are not founded on immemorial custom and usage, as the cases of the appointment of the Exigenter of C. B. and chief clerk for enrolling pleas in B. R. cited for the city. The corporation derives its existence, power, and authority, from the act of nth March 1789.
The words of the 39th section of the act refer to salary officers under the corporation, but cannot be. reasonably extended to the office of clerk of the city court, who must, from the nature of his office in a populous city, transact more business respecting public offences than any county clerk. He is in the city what the sessions clerk is in each county. The governor, by the constitution of 2d September 1790, is considered as the depositary of the executive power unless otherr wise appropriated; an express exception must appear in the present instance, otherwise the power of appointment must devolve on the governor. But no such exception does appear in the act of incorporation of the city; and no necessity exists for the appointment by the cor * poration, when the governor can constitutionally exercise that power: Wherefore, &c.
The decision of the cause stood over until this term; and now Shippen J. delivered the opinion of the court as follows:—
The sole question in this case is, whether the governor, or the corporation of the city of Philadelphia, has the power of appointment of the clerk of the city court?
It rests on the true construction of the act of" assembly of nth March 1789, incorporating the city, and of the state constitution, agreed to in convention of the 2d September 1790.
By the old constitution of 17 76, sect. 20, the supreme executive council had the right of appointing all officers civil and military, unless those chosen by the legislature, .or reserved to the people at large. The act of assembly of the 4th April 1785 confirms this right in express words, in pursuance *182 of a previous resolve of the council of ceusors. Under the act of 14th March 1777, the powers of the mayor, recorder and aldermen were vested in three justices of the city, and the supreme executive council appointed the clerk of the city court. It therefore appears evident to -us, that unless an exception plainly appears, the right of appointment is vested in the governor, as the supreme executive power.
By the 2d article of the constitution of 1790, sect. 8, the governor is to appoint all officers, whose offices are thereby established, or which shall be established by law, not otherwise specially provided for. By the act incorporating the city, sect. 39, it is declared “that for the well governing of “the said city, and the ordering the affairs thereof, there shall ‘ ‘ be such other officers therein and at such salaries, or other “compensation, as the mayor, recorder, aldermen and com-‘1 mon council men in common council assembled shall direct. ’ ’ Lhis clause, it is contended, vests the right of appointing the city clerk in the corporation at large; but it evidently relates to officers necessary for the conducting and management of the corporation and the internal police of the city; and to salary officers who shall receive a compensation stipulated by the common council for their services. The section cannot in our idea, apply to the office of clerk of the city court, whose duties in the city must be analogous to those of the clerks of the sessions in each county in the state. Nor can we find that any clause in the act incorporating the city, gives the corporation the power of appointing the city clerk. Our opinion therefore is, that such power rests with the governor, agreeably to the true spirit of the constitution.
Judgment pro quer.